

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                              )    Case No. 06-23824-C-7
                                    )
CHRISTINE JACQUELINE REYNOLDS,      )    DC No. WGM-1
                                    )
                                    )
         Debtor(s).                 )
_____)

**MEMORANDUM DECISION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This memorandum decision is not intended for publication and supplements findings of fact and conclusions of law stated orally on the record pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Rule of Bankruptcy Procedure 7052.

New Century Mortgage Corporation filed a motion for relief from automatic stay on October 12, 2006, in this bankruptcy case, which was filed September 26, 2006, and set the matter for hearing on October 31, 2006, three days before the scheduled meeting of creditors on November 3, 2006.

The debtor's opinion regarding the value of the real property in question was that it was worth $639,000, as stated on the schedules. The movant contends that the value of the property is $600,000. The movant further contends that it is owed $646,898.26 as of the date of the filing of the petition. The debtor concedes in the schedules that the debt is at least that amount. The debtor filed a statement of intention to

surrender the property. New Century Mortgage Corporation concedes that on the date of the petition there were no payments past due on the obligation.

No effort has been demonstrated to obtain a stipulation from the debtor and/or the trustee regarding relief from the automatic stay in order to minimize the expense of obtaining relief from stay in light of the debtor's statement of intention to surrender the property.

The filing fee for the motion for relief from stay in the amount of $150 was paid, which filing fee would not have been required if there had been a stipulation for relief from stay. Judicial Conference of the United States, Bankruptcy Court Miscellaneous Fee Schedule, item 20. ("No fee is required for a motion for relief from the co-debtor stay or for a stipulation for court approval of an agreement for relief from a stay.")

In this instance, the movant has presented a proposed order that purports to award attorney's fees and costs in the amount of $675 pursuant to 11 U.S.C. § 506(b). Since the record established by the movant indicates that the movant's claim is secured by property, the value of which is *not* greater than the amount of the allowed secured claim, no fees or costs are awarded.

An appropriate order will issue.

Dated: November 8, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Victoria M. Merrill
1010 Hurley Way
Sacramento, CA 95825


John R. Roberts
PO Box 1506
Placerville, CA 95667


William G. Malcolm
Malcolm Cisneros
2112 Business Center Drive, 2nd floor
Irvine, CA 92612


Dated: 11/13/06

_Alisan Manning_
DEPUTY CLERK